IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JARMAL JABBAR SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-440-WKW |
| | ) | [WO] |
| JOHN L. MERRILL, Alabama | ) | |
| Secretary of State, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Jarmal Jabbar Sanders, who is proceeding *pro se*, alleges that he was "charged an excessive fee to qualify as [a] candidate for the office of Judge of Probate for Dallas County[,] Alabama." (Doc. # 1, at 1.) Before the court is Plaintiff's motion for a writ of mandamus. (Doc. # 6.) Plaintiff moves the court to order the Federal Bureau of Investigation to arrest Alabama Secretary of State John Merrill, City of Selma Mayor Darrio Melton, and Alabama Attorney General Steve Marshall "on hate crime charges of social-economic class discrimination and conspiracy to interfere with civil rights and obstruction of justice." (Doc. # 6, at 1 (emphasis omitted).)

Federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.

§ 1651. However, mandamus "is an extreme form of equitable relief . . . ." *Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1220 (11th Cir. 2002) (citation omitted). "[O]nly exceptional circumstances amounting to a judicial 'usurpation of power' will justify this extraordinary remedy." *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 962 (5th Cir. 1980).[1] "Generally speaking, before the writ of mandamus may properly issue, three elements must coexist: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Dist. Lodge No. 166, Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO v. TWA Servs., Inc.*, 731 F.2d 711, 717 (11th Cir. 1984) (citation and internal quotation marks omitted). Even if the movant demonstrates each element required for mandamus, "it is important to remember that issuance of the writ is in large part a matter of discretion with the court to which the petition is addressed." *Kerr v. U.S. Dist. Court for N. Dist. of Calif.*, 426 U.S. 394, 403 (1976) (citations omitted).

Based upon a review of the record in light of the principles and standards set forth above, the court finds that Plaintiff has not established the required elements for obtaining a writ of mandamus and that his motion is without merit. Accordingly,

---

[1] In *Bonner v. City of Prichard*, the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981. *See* 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

it is ORDERED that Plaintiff's motion for a writ of mandamus (Doc. #  6) is DENIED.

DONE this 19th day of March, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE